**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**
**Plaintiff,**

**v.** **Case No. 12-C-1291**

**LORETTA MATTOX, et al.,**
**Defendants.**

---

## DECISION AND ORDER

The United States commenced this action to foreclose a tax lien on real property located in Milwaukee County, Wisconsin. Two parties having interests in the property, Loretta Mattox and U.S. Bank, oppose the foreclosure. Before me now are the parties' motions for summary judgment on the question of whether the United States is entitled to foreclose on the property.

Section 6321 of the Tax Code (26 U.S.C.) provides that when a person liable to pay any tax fails to do so after a demand has been made, a lien in favor of the United States arises on all property and rights to property belonging to the person. Section 6322 of the Code states that the lien imposed by section 6321 arises at the time the assessment is made and continues until "the liability for the amount . . . assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time."

Clara and Ben Mattox were a married couple and owned the real estate that is the subject of this action. They held the property as joint tenants, which means that each spouse had an undivided one-half interest in the property with a right of survivorship. See

Wis. Stat. § 700.17(2). On March 4, 1982, a delegate of the Secretary of the Treasury assessed a tax penalty in the amount of $36,061.06 against Clara alone. When she failed to pay this tax after a demand was made, a tax lien on all of her property, including her one-half interest in the real estate, arose pursuant to section 6321. On March 2, 1984, the United States filed a notice of its tax lien with the Milwaukee County Register of Deeds. The United States filed additional notices of the lien in Milwaukee County in 1987, 1998, and 2007. Also in 1984, Clara filed a lawsuit against the United States in this court, and the United States filed a counterclaim against her for the purpose of reducing the tax penalty to judgment. On October 1, 1985, this court entered judgment against Clara and in favor of the United States for the amount of the tax plus statutory interest. On July 15, 2002, the United States filed an abstract of the judgment with the Milwaukee County Register of Deeds.

On March 4, 2005, the Mattoxes granted a mortgage interest in the property to Universal Mortgage Corporation. The mortgage was assigned to U.S. Bank on June 21, 2010.

Clara Mattox died on May 29, 2011. Because the property was held in joint tenancy, upon Clara's death full title vested in Ben. Ben died on August 18, 2011, and at that time the property became part of his estate. Loretta Mattox is the personal representative of Ben's estate.

On December 19, 2012, the United States commenced the present action under section 7403 of the Tax Code, which allows a district court to order the sale of property that is subject to a tax lien. The United States contends that when Clara died, her one-half interest in the property passed to Ben subject to the tax lien, and that when Ben died, a

one-half interest in the property passed to his estate subject to the lien. The United States has filed a motion for summary judgment asking that I find that the property is subject to the lien, order that it be sold, and order that one-half of the proceeds from the sale be used to satisfy Clara's tax liability. (The United States concedes that the other one-half interest in the property is not subject to the tax lien, and that one-half of the proceeds of the sale should be distributed to the other interested parties.)

Loretta Mattox and U.S. Bank oppose the United States' motion, and U.S. Bank has filed its own motion for summary judgment. The Bank contends that the United States' claim is invalid for two reasons: (1) when Clara died, Ben became the sole owner of the property free and clear of the tax lien, and (2) the claim is barred by the statute of limitations. Loretta Mattox also contends that the United States' claim is barred by the statute of limitations.

The first question I will address is whether Clara's death extinguished the tax lien. The Bank does not dispute that once a tax lien attaches to an interest in property, it survives any subsequent transfer of that interest. See United States v. Rodgers, 461 U.S. 677, 691 n.16 (1983); United States v. Bess, 357 U.S. 51, 57 (1958). The Bank argues, however, that in this case there was no transfer of Clara's interest in the real estate to Ben under state law. Instead, because of Ben's right of survivorship, Clara had no interest in the real estate that could have survived her death and to which the lien could have remained attached. Thus, in the Bank's view, upon Clara's death, both her interest in the property and the tax lien were extinguished, and title to the entire property automatically vested in Ben free and clear of the lien.

The Bank's argument would be correct under Wisconsin common law as it existed in 1937. In Musa v. Segelke & Kohlhaus Co., the Wisconsin Supreme Court recognized that a joint tenant's interest in property vanishes upon his or her death, and that therefore a lien on that interest also vanishes upon the joint tenant's death. 272 N.W. 657, 658 (Wis. 1937). However, after Musa was decided, Wisconsin enacted a law that changed the common law rule. Wisconsin Statute § 700.24 provides that some types of liens on a joint tenant's interest in property do not vanish upon the joint tenant's death and instead remain attached to the property. State tax liens are among those that remain attached, and U.S. Bank does not argue that federal tax liens should be treated any differently than state tax liens under § 700.24. Thus, under Wisconsin law as it currently exists, the Bank's argument fails: a deceased joint tenant transfers a property interest to the surviving joint tenant, to which any federal tax lien remains attached.

The Bank believes that this result is incorrect, but its argument in support of its position does not make sense. The argument relies entirely on reasoning contained in a dissenting opinion by Judge Evans in United States v. Librizzi, 108 F.3d 136 (7th Cir. 1997), but that reasoning does not support the Bank's argument. To explain why, I must discuss Librizzi in some detail. In that case, spouses held property as joint tenants under Wisconsin law. The United States assessed various taxes against the husband, and eventually the assessment became a lien on all of the husband's property, including his interest in the joint property. The husband died without paying the assessment, and upon his death the wife took full title to the property pursuant to her right of survivorship. Subsequently, the United States commenced a suit to foreclose the tax lien on the property under 26 U.S.C. § 7403. In that suit, the wife "conceded that the federal tax lien attached

to [the husband's] one-half interest in the property and that when he died she acquired the property subject to that lien." Id. at 137. She argued, however, that the United States' interest was limited to one-half of the estimated fair market value of the property at the time of her husband's death. The United States disagreed and argued that it was entitled to one-half of the fair market value at the time of foreclosure. Thus, the issue in Librizzi was this: did the tax lien attach to one-half of the value of the property at the time of the husband's death, or did it attach to one-half of the value of the property at the time of foreclosure? The majority concluded that the tax lien attached to the value of the property at the time of foreclosure, while Judge Evans concluded that the lien attached to the value of the property at the time of the husband's death.

U.S. Bank thinks that Judge Evans in Librizzi concluded that, under current Wisconsin law, no lien on a joint tenant's interest in property can survive the joint tenant's death. See U.S. Bank Br. at 6, ECF No. 38 (stating that Judge Evans answered "no" to the question of whether Wis. Stat. § 700.24 changed the common law rule that a lien on a joint tenant's interest in property is extinguished altogether upon that joint tenant's death). But that is not what Judge Evans concluded. Rather, he agreed that § 700.24 changed the common law rule and agreed that the statute provides that tax liens are no longer extinguished upon the death of a joint tenant. Librizzi, 108 F.3d at 139–40. What Judge Evans disagreed with was the majority's conclusion that the tax lien attached to one-half of the value of the property at the time of the foreclosure. Id. at 140. In his view, the lien survived the husband's death, but the government was limited to collecting the amount of money that the husband would have received had he sold his interest to a third party just prior to his death. Id. I cannot find anything in the dissent that supports the position that,

despite the enactment of § 700.24, a federal tax lien on an interest in a joint tenancy evaporates upon the death of the joint tenant whose interest was subject to the lien.

The next question is whether the United States' foreclosure claim is barred by the statute of limitations. Recall that under section 6322, a tax lien continues until "the liability for the amount . . . assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322. Both the Bank and Loretta Mattox contend that the liability has become unenforceable by lapse of time. Their argument is based on section 6502(a) of the Tax Code as it existed in 1982, which in relevant part states:

> Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
>
> (1) within 6 years after the assessment of the tax . . . .
>
> The period provided by this subsection during which a tax may be collected by levy shall not be extended or curtailed by reason of a judgment against the taxpayer.

26 U.S.C. § 6502(a) (1982).[1]

The present action was commenced in 2012, more than 6 years from March 4, 1982, the date on which the tax was assessed. The Bank and Mattox contend that this means that the action is barred. However, as noted, by 1985 the United States had filed a counterclaim against Clara in this court and had obtained a judgment against her for the amount of the tax. The counterclaim was "a proceeding in court" begun within 6 years after

[1]Later amendments to section 6502(a) extended the limitations period from 6 to 10 years, among other things.

the assessment of the tax, and the United States contends that when it obtained judgment on its counterclaim it extended its right to collect the tax indefinitely. Seventh Circuit authority supports the United States' position. In United States v. Ettelson, the court held that when the United States initiates a proceeding in court, the statute of limitations contained in section 6502(a) is stopped, and that when the United States obtains a judgment as part of that proceeding, the judgment can thereafter be enforced "at any time," including through a separate action to foreclose the tax lien that arose under section 6321.[2] 159 F.2d 193, 196 (7th Cir. 1947). Other circuits are in accord with this holding. See Markham v. Fay, 74 F.3d 1347, 1353 (1st Cir. 1996) ("A lien [under section 6321] becomes unenforceable by lapse of time upon expiration of the six-year statute of limitations for collection, but if the government brings suit within six years from assessment and receives a judgment in its favor, the life of the lien is extended indefinitely."); Moyer v. Mathas, 458 F.2d 431, 433–34 (5th Cir. 1972) (if the government obtains a personal judgment against the taxpayer in a proceeding instituted within six years of the assessment, the government is not thereafter barred from foreclosing the tax lien due to lapse of time); United States v. Overman, 424 F.2d 1142, 1147 (9th Cir. 1970) (recognizing that when the United States obtains a judgment within six years of the assessment, it may enforce the tax lien that arose upon the assessment "at any time"). Moreover, authors of secondary sources treat the holding of Ettelson as black-letter law. See David A. Schmudde, Federal Tax Liens 44 (4th ed. 2001) ("When the statute of limitations on collection is about to expire, the

[2] Ettelson was itself a separate action to foreclose a tax lien, which the court deemed timely because an earlier state-court probate claim, which the United States had filed within 6 years of the assessment, resulted in a judgment. See 159 F.2d at 194–96.

government can extend this period by filing a collection suit in the federal courts. The commencement of the suit tolls the statutory period [citing Ettelson]. The obtaining of a judgement will keep the time for collection open indefinitely, and will correspondingly extend the life of the [tax] lien."); William T. Plumb, Jr., Federal Tax Collection and Lien Problems, 13 Tax L. Rev. 247, 250–51 (1958) ("[T]he commencement of a collection suit will keep the statute open; and if the tax claim is reduced to a judgment in favor of the Government, on which limitations never run, the tax lien, which is not superceded by the judgment lien, will last forever." (Citing Ettelson)). I have found no cases or other authorities which cast doubt on the continued validity of Ettelson. Thus, the present foreclosure proceeding is not barred by section 6502(a).

In its brief, U.S. Bank states that section 6502(a) "expressly provides that the judgment obtained by the Government [in 1985] did not extend the limitations period." Br. at 3, ECF No. 38. However, the part of section 6502(a) to which the Bank is referring is the last sentence, which states that "[t]he period provided by this subsection during which a tax may be collected by levy shall not be extended or curtailed by reason of a judgment against the taxpayer." (Emphasis added.) "Levy" is a way of collecting a judgment that does not require judicial intervention and is distinct from a judicial proceeding to foreclose a lien. See United States v. Rodgers, 461 U.S. 677, 682–83 (1983). Thus, although the 1982 version of section 6502(a) provides that a judgment will not extend the time to collect a tax by levy,[3] this does not mean that a judgment will not extend the time to collect the tax

[3] In 1988, the last sentence of section 6502(a) was amended, and it now provides that a judgment does extend the time to collect the tax by levy. See 26 U.S.C. § 6502(a) (1988).

by foreclosing a tax lien. And, as explained, courts have uniformly interpreted section 6502(a) as allowing foreclosure of a tax lien at any time so long as the government obtained a judgment through a proceeding in court that was commenced within 6 years of the assessment.

Loretta Mattox argues that the present action is time-barred because the judgment lien associated with the 1985 judgment has expired. See 28 U.S.C. § 3201(c)(2). It is not clear to me that the judgment lien has expired, but even if it has that would be irrelevant. The United States is not attempting to foreclose its judgment lien; it is attempting to foreclose its tax lien, which exists independently of the judgment lien and which can be foreclosed even if the judgment lien has expired. See Overman, 424 F.2d at 1147; Plumb, supra, at 251 & n.23.

Mattox also suggests that Wisconsin Statute § 893.40 might bar the present action. The statute provides that "action upon a judgment or decree of a court of record of any state or of the United States shall be commenced within 20 years after the judgment or decree is entered or be barred." Here, the judgment was entered in 1985, which means that if Wisconsin Statute § 893.40 controls, then the judgment would have expired in 2005. However, unless Congress has passed a law stating that a judgment obtained by the United States in federal court is subject to state-created limitations on judgments, then § 893.40 would not control. See United States v. Bess, 357 U.S. 51, 56–57 (1958); Fink v. O'Neil, 106 U.S. 272, 276–77 (1882). Mattox does not point to any such law, and cases recognize that there are no limitations on federal judgments obtained by the United States in tax-collection cases. See Investment & Securities Co. v. United States, 140 F.2d 894, 896 (9th Cir. 1944) ("There is no federal statutory provision as to a period of limitations on

[a tax judgment obtained by the United States in a United States District Court]; it follows that in the absence of such a limitation a tax can be collected at any time; therefore, the liability of the tax now merged in the judgment has not become unenforcible by reason of lapse of time."); Overman, 424 F.2d at 1147 (stating that a federal tax judgment is not subject to any limitations period). Thus, the judgment is not subject to Wisconsin Statute § 893.40.

Finally, Mattox suggests that even if this foreclosure action is not barred by the statute of limitations, I should exercise my equitable discretion and refuse to order a sale of the property. This argument is based on United States v. Rodgers, in which the Supreme Court held that section 7403 of the Tax Code gives a district court "limited discretion" to decline to order a forced sale of property subject to a tax lien. 461 U.S. at 703–11. However, Mattox has not given me a sufficient reason to decline to order a forced sale in this case. She describes the government's delay as "unconscionable," Reply Br. at 3, ECF No. 47, but she does not show that the delay has caused her or the estate any prejudice. And as I have already explained, once the government obtains a judgment, there is no statute of limitations on the government's ability to collect that judgment by foreclosing a tax lien. Thus, the fact that the government has delayed is not by itself a reason for declining to order a sale under section 7403.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the United States' motion for summary judgment is **GRANTED**. It is determined that the United States has a valid tax lien on the subject real estate, that the lien should be foreclosed, and that one-half of the net sales

proceeds from that real estate should be distributed to the Untied States and the remaining half to the other defendants.

**IT IS FURTHER ORDERED** that U.S. Bank's motion for summary judgment is **DENIED**.

**FINALLY, IT IS ORDERED** that a telephonic status conference will be held on **February 3, 2014 at 11:00 a.m.**, for the purpose of scheduling further proceedings. Counsel should advise the court of their participation at 414/297-1285.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2014.

s/ Lynn Adelman

LYNN ADELMAN
District Judge